**Office of Disciplinary Counsel v. Perrella**

Disciplinary Board Docket no. 19 D.B. 2001.

STEWART, *Member,* January 29, 2003—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On February 6, 2001, petitioner, Office of Disciplinary Counsel, filed a petition for discipline against Nicholas R. Perrella, respondent in these proceedings. The petition charged respondent with violations of the Rules of Professional Conduct arising out of allegations that respondent engaged in the unauthorized practice of law. Respondent filed an answer to petition for discipline on May 4, 2001.

A disciplinary hearing was held before Hearing Committee 2.04 comprised of Chair Cheryl L. Young, Esquire, and Members Mark A. Kearney, Esquire and Lawrence R. Scheetz, Esquire. James M. McMaster, Esquire, represented respondent at the hearing.

After briefing by the parties, the committee filed a report and found that respondent violated Rules of Profes-

sional Conduct 1.16(a)(1) and 5.5(b), and Pennsylvania Rules of Disciplinary Enforcement 217(c), (d), and (e). The committee recommended that respondent be publicly censured.

The parties did not file briefs on exceptions and this matter was adjudicated by the Disciplinary Board at the meeting of August 7, 2002.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is now located at Suite 1400, 200 North Third Street, Harrisburg, PA 17101, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent is a formerly admitted attorney in the Commonwealth of Pennsylvania, having been admitted to practice in 1984 and having been placed on inactive status effective May 24, 1996. Respondent is admitted to practice in the State of New York and maintains an office at Suite 2818, 320 E. 42nd Street, New York, NY 10017. Respondent is subject to the jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

(3) Respondent was required by Pennsylvania Rules and Regulations of Continuing Legal Education to complete and satisfy certain course credit hours by August 31 of each compliance year.

(4) Respondent completed his requirements for the years 1993 and 1994.

(5) Respondent has taken no Pennsylvania CLE courses since 1994.

(6) On November 30, 1995, a final notice of noncompliance was mailed by the CLE Board to respondent, informing him, inter alia:

(a) He was noncompliant with his CLE for 1995.

(b) After the expiration of 90 days, the CLE Board would prepare a list of noncompliant lawyers, which would be sent to the Supreme Court of Pennsylvania with the recommendation that those lawyers be involuntarily inactivated for noncompliance.

(7) An "Urgent notice" was mailed on March 4, 1996, to respondent's registered address and advised respondent that if he failed to comply with Pennsylvania CLE Rules that he would be placed on inactive status.

(8) By order of April 24, 1996, the Supreme Court of Pennsylvania ordered that respondent be transferred to inactive status pursuant to Rule 111(b), Pa.R.C.L.E., effective May 24, 1996.

(9) By letter dated April 25, 1996, Elaine M. Bixler, executive director and secretary of the Disciplinary Board, provided respondent with:

(a) A copy of the April 24, 1996 order.

(b) A letter prepared by the CLE Board providing information regarding compliance with the CLE Rules.

(c) A copy of Rule 217, Pa.R.D.E., and sections 91.91 through 91.99 of the Disciplinary Rules.

(d) Forms DB-23(i) and DB-24(j), non-litigation and litigation notice of disbarment, suspension or transfer to

inactive status, and form DB-25(i), statement of compliance.

(10) On or about June 11, 1999, respondent filed a complaint in the matter of *Catherine F. Nugent v. Michale M. Imming and Therese Marren-Weeks,* docket no. 1999-03927, in the Court of Common Pleas of Bucks County. *(Nugent v. Imming)* Respondent also entered his appearance and advised the court that he was designated as trial counsel for plaintiff. He utilized his Pennsylvania attorney identification number on the complaint.

(11) Prior to the filing of the complaint, respondent informed his client that he was on inactive status in Pennsylvania and would have to find local counsel to enter an appearance in the case and to make a motion for admission pro hac vice or for special admission.

(12) Paul C. Quinn, Esquire, was hired as co-counsel.

(13) By cover letter of November 8, 1999, respondent provided Andrew F. Schneider, Esquire, opposing counsel, with a copy of plaintiff's response for defendants' request for interrogatories.

(14) This correspondence was on letterhead that represented respondent was a member of the Pennsylvania bar.

(15) By cover letter dated November 12, 1999, respondent provided Attorney Schneider with a copy of plaintiff's brief in opposition to defendants' preliminary objections.

(16) This correspondence was on letterhead that represented respondent was a member of the Pennsylvania bar.

(17) On November 15, 1999, respondent and Attorney Quinn filed plaintiff's brief in opposition to defendants' preliminary objections, in which respondent identified himself as attorney for plaintiff and displayed his Pennsylvania attorney license number.

(18) On November 15, 1999, respondent sent to Judge John Rufe a cover letter on letterhead that represented he was a member of the Pennsylvania bar.

(19) By letter of January 16, 2000, respondent submitted to Judge Rufe a response to a motion of the defense.

(20) On January 18, 2000, Attorney Schneider telephoned respondent to discuss an extension of time to file an answer to the complaint and a possible settlement of the case.

(21) On January 31, 2000, Attorney Schneider filed a petition to strike respondent's appearance due to his inactive status in Pennsylvania.

(22) Subsequent to Attorney Schneider's petition to strike respondent's appearance, between January 31, 2000 and March 5, 2001, respondent continued to reply to motions, send letters, and file legal pleadings on behalf of his client in the case of *Nugent v. Imming.*

(23) On February 24, 2000, June 26, 2000, and November 22, 2000, Attorney Quinn, co-counsel for plaintiff, attempted to file a motion for special admission of co-counsel on behalf of plaintiff (motion for admission pro hac vice).

(24) Mr. Quinn's motion for admission pro hac vice initially was not acted upon by the court due to various deficiencies in the motion.

(25) By order of February 9, 2001, Judge John Rufe ordered and directed that a hearing be scheduled for March 5, 2001, regarding the motion.

(26) On March 5, 2001, Mr. Quinn argued his motion for admission pro hac vice, which Judge Rufe granted.

(27) To date, respondent has not been reinstated to active status in Pennsylvania.

(28) Respondent acknowledged that the use of the designation "member of the Pennsylvania bar" on his letterhead was inappropriate.

(29) Respondent has no history of discipline.

## III. CONCLUSIONS OF LAW

By his actions as set forth above, respondent violated the following Rules of Professional Conduct and Rules of Disciplinary Enforcement:

(1) R.P.C. 1.16(a)(1)—A lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if the representation will result in a violation of the Rules of Professional Conduct or other law.

(2) R.P.C. 5.5(b)—A lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction.

(3) Pa.R.D.E. 217(c)—A formerly admitted attorney shall promptly notify, or cause to be notified, of the . . . transfer to inactive status, . . . all other persons with whom the formerly admitted attorney may at any time expect to have professional contacts under circumstances where . . . they may infer that he or she continues as an attorney in good standing.

(4) Pa.R.D.E. 217(d)—The formerly admitted attorney, after entry of the . . . transfer to inactive status order, shall not . . . accept any new retainer or engage as attorney for another in any new case or legal matter of any nature.

(5) Pa.R.D.E. 217(e)—Within 10 days after the effective date of the . . . transfer to inactive status order, the formerly admitted attorney shall file with the board a verified statement showing that the provisions of the order have been fully complied with and showing all other state, federal and administrative jurisdictions to which such person is admitted to practice.

## IV. DISCUSSION

This matter is before the Disciplinary Board on a petition for discipline charging respondent with the unauthorized practice of law. The uncontested facts of this matter demonstrate that respondent was placed on inactive status in 1996 for failure to complete continuing legal education requirements. In June 1999, respondent entered his appearance in *Nugent v. Imming* and acted as counsel for the plaintiff in this matter being litigated in the Bucks County Court of Common Pleas. Respondent obtained local co-counsel who first moved for respondent's admission pro hac vice in February of 2000. This motion was not granted by the Court of Common Pleas until March 5, 2001, nearly two years after respondent first entered his appearance in the case. During that time, respondent acted as counsel to his client by engaging in discovery, filing pleadings and appearing in court. Respondent utilized letterhead that indicated he was a member in good standing of the Pennsylvania bar. Respondent knew that he was on inactive status and further knew that he was not admitted pro hac vice.

Respondent did advise his client prior to entering his appearance in the case that he was not authorized to practice law in Pennsylvania. However, no such disclosure was made to opposing counsel or to the court itself. Opposing counsel discovered respondent's status on his own and filed a motion to strike respondent's appearance in January 2000. It was after this motion was filed that respondent's co-counsel filed the motion for admission pro hac vice. Respondent made no efforts up until that time to seek admission for purposes of litigating *Nugent v. Imming* until confronted with the fact that a motion was filed to dismiss him from the case.

Respondent had an obligation to withdraw from the case, to notify the adverse party and to notify the court. Respondent failed to perform these requirements.

Petitioner has requested a public censure. Respondent seeks a dismissal of the petition for discipline. Clearly a dismissal of the charges is not warranted, as violations of the Rules of Professional Conduct and Rules of Disciplinary Enforcement have been found.

The main goal of the disciplinary system is the protection of the public from unfit attorneys. *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986). Here, there is no allegation of general unfitness. Respondent has not been the subject of prior discipline. He did not mistreat his client or mishandle her case, and in fact did advise her of his inactive status. However, respondent was woefully neglectful of his professional standing. He knew that he was inactive and that he needed to file for admission pro hac vice. Yet with this knowledge, he continued to litigate his case for almost eight months before a motion for admission pro hac vice was filed. Respondent disregarded the rules and processes governing the legal profession. Additionally, respondent's

attitude of contempt towards the disciplinary process, as manifested in his testimony and correspondence, exacerbates his already tenuous position. The board is persuaded that a public censure is an appropriate sanction in this matter. Public discipline is not without precedent in cases of the unauthorized practice of law. *In re Anonymous No. 123 D.B. 96,* 41 D.&C.4th 290 (1998).

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, Nicholas R. Perrella, be subject to a public censure.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Members Schultz, Morris and Wright dissented and would impose a private reprimand. Board Member Sheerer dissented and would impose an informal admonition.

Board Members Donohue, Cunningham and McLaughlin recused.

## ORDER

And now, June 11, 2003, upon consideration of the report and recommendations of the Disciplinary Board dated January 29, 2003, it is hereby ordered that Nicholas R. Perrella be and he is suspended from the bar of this Commonwealth for a period of three months, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.